**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,                         Case No. 87-CR-80933-09

v.                                       Hon. Gerald E. Rosen

WILLIAM JACKSON,

       Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR REDUCTION IN SENTENCE**

            At a session of said Court, held in
            the U.S. Courthouse, Detroit, Michigan
            on _____

        PRESENT:  Honorable Gerald E. Rosen
                            Chief Judge, United States District Court

       In an order dated June 25, 2009, the Court denied a motion in which Defendant William Jackson sought a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). This prior motion rested upon a then-recent amendment to the United States Sentencing Guidelines ("U.S.S.G"), Amendment 706, which generally made two-level downward adjustments to the base offense levels established under U.S.S.G. § 2D1.1(c) for drug offenses involving crack cocaine. As the Court explained in its June 25, 2009 order, this amendment did not trigger Defendant's eligibility for a sentence reduction under § 3582(c)(2), because (i) Defendant's Sentencing Guidelines range at his February 1994 sentencing was computed using a base offense level of 36, (ii) Defendant's drug

conspiracy offense involved five kilograms of crack cocaine, and (iii) the "base offense level for a drug offense involving 5 kilograms of cocaine base has never dropped below 38," but instead remained at 38 in the wake of Amendment 706. (6/25/2009 Order at 2-3.)[1] Accordingly, the Court held that "Defendant plainly cannot appeal to the crack cocaine amendments as warranting a reduction in his sentence, because this sentence was not based on a Sentencing Guidelines range that has subsequently been lowered by these amendments." (*Id.* at 3.)

Through the present motion, Defendant again returns to the Court and seeks a sentence reduction pursuant to § 3582(c)(2), this time appealing to a new round of Sentencing Guideline amendments, Amendments 748 and 750, that make additional downward adjustments to the base offense levels applicable to crack cocaine offenses. Most notably for present purposes, while the version of the Sentencing Guidelines prior to these amendments set a base offense level of 38 for drug offenses involving 4.5 kilograms or more of cocaine base, *see* U.S.S.G. § 2D1.1(c) (2008), the Guidelines now call for a base offense level of 36 for drug offenses that involve at least 2.8 kilograms but less than 8.4 kilograms of cocaine base, *see* U.S.S.G. § 2D1.1(c) (Nov. 1, 2010).

At first glance, this latest round of Sentencing Guideline amendments seemingly

---

[1] As explained in the June 25, 2009 order, Defendant's base offense level of 36 was a byproduct of the 1988 version of the Sentencing Guidelines, which established a maximum base offense level of 36 for any drug offenses involving 500 grams or more of cocaine base. This aspect of the Guidelines was amended in November of 1989 to mandate higher base offense levels for offenses involving extremely large drug quantities. Following this 1989 amendment, the base offense level for a drug offense involving 5 kilograms or more of cocaine base remained at or above 38 over the years, even after the adoption of Amendment 706.

fails to establish Defendant's eligibility for a reduced sentence under § 3582(c). These amendments, after all, operate to reduce the base offense level for a five-kilogram crack cocaine offense to 36 — the very same base offense level used to compute Defendant's sentencing range under the Guidelines when he was sentenced back in 1994. Just as with Defendant's prior motion under § 3582(c), then, it would appear that his present motion should be denied for failure to show that his 1994 sentence was "based on a Sentencing Guideline range that has subsequently been lowered" by the latest amendments. (6/25/2009 Order at 3.)

In an effort to avoid this result, Defendant suggests that his sentencing range under the amended U.S.S.G. § 2D1.1(c) should be determined by reference to drug offenses involving only 500 grams of cocaine base, as opposed to five kilograms. This argument rests upon the Court's use of this 500-gram quantity in determining Defendant's Guideline sentencing range at his 1994 sentencing. Yet, at the time, it was unnecessary for the Court to settle upon a precise quantity of cocaine base beyond the 500-gram threshold. As explained in the Court's June 25, 2009 order, the applicable 1988 version of the Sentencing Guidelines "called for a base offense level of 36 for drug offenses involving 500 grams or more of cocaine base," (6/25/2009 Order at 2), and additional quantities of crack cocaine did not trigger a still higher base offense level under this version of the Guidelines.

Nonetheless, in deciding Defendant's prior motion for sentencing relief under § 3582(c), the Court found it appropriate to treat Defendant's drug offense as involving five

3

kilograms of cocaine base, (*see id.*), and it remains appropriate to do so here.[2]  As observed in the Court's ruling on Defendant's prior motion, Defendant's presentence report charged him with responsibility for five kilograms of crack cocaine, and "Defendant did not lodge any objections to this — or, for that matter, any other — aspect of the presentence report." (*Id.* at 2 & n.2; *see also* Presentence Report at ¶ 40 (determining that, "[f]or guidelines purposes," Defendant was responsible for "5,000 grams of crack cocaine").)  Under the law governing each of Defendant's two motions for a sentence reduction, the Court is entitled to rely on this unchallenged drug quantity finding in Defendant's presentence report, and § 3582(c) does not confer an opportunity to relitigate this sentencing factor.  *See, e.g., United States v. Metcalfe,* 581 F.3d 456, 459 (6th Cir. 2009); *United States v. McKinney,* No. 11-1439, 464 F. App'x 444, 447 (6th Cir. Feb. 23, 2012); *United States v. Blackmon,* No. 09-1377, 380 F. App'x 498, 501 (6th Cir. June 8, 2010).  It follows that, even with the latest round of amendments to U.S.S.G. § 2D1.1(c), Defendant remains ineligible for a sentence reduction.

For these reasons,

---

[2]Notably, Defendant chose not to appeal the Court's June 25, 2009 ruling, and this ruling therefore remains undisturbed as the law of the case.

4

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's August 18, 2011 motion for reduction of sentence (docket #1563) is DENIED.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: December 21, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 21, 2012, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager