**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,                                   Case No. 87-CR-80933-13

v.                                                    Hon. Gerald E. Rosen

ERIC LAMAR WILKINS,

       Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR REDUCTION OF SENTENCE**

       At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____

       PRESENT: Honorable Gerald E. Rosen
                        Chief Judge, United States District Court

In an opinion and order dated February 15, 2010, the Court denied two motions brought by Defendant Eric Lamar Wilkins, one of which sought a reduction in his sentence pursuant to 18 U.S.C. § 3582(c). Defendant appealed the denial of this motion, and the Sixth Circuit affirmed this Court's ruling. *See United States v. Wilkins,* No. 10-1242, 426 F. App'x 443 (6th Cir. Aug. 11, 2011). Through the present *pro se* motion filed on January 20, 2012, Defendant once again returns to the Court seeking a sentence reduction, with this requested relief evidently resting on a combination of the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-120, 124 Stat. 2372, and recent

amendments to the U.S. Sentencing Guidelines that are intended to bring the Guidelines in conformance with the FSA's reduced statutory penalties for crack cocaine offenses. As discussed briefly below, the Court readily concludes that Defendant's motion must be denied, in light of the prior rulings in this case and the decisions of the Supreme Court and the Sixth Circuit in the wake of the FSA's enactment.

First, to the extent that Defendant seeks to appeal to the recent amendments to the Sentencing Guidelines that have made further downward adjustments to the base offense levels applicable to crack cocaine offenses, the prior decisions of this Court and the Sixth Circuit in this case preclude Defendant from establishing his eligibility for a sentence reduction under these amendments. The statutory vehicle for securing a reduced sentence in the wake of an amendment to the Sentencing Guidelines is 18 U.S.C. § 3582(c)(2), which authorizes relief if, *inter alia,* a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Yet, as explained in the Court's February 15, 2010 opinion denying Defendant's request for sentencing relief in light of an earlier round of Sentencing Guideline amendments pertaining to crack cocaine offenses, Defendant is not eligible for a reduced sentence under § 3582(c), by virtue of his successful argument that he was **not** sentenced under the Sentencing Guidelines, but instead under the pre-Guidelines law that governed prior to the November 1, 1987 effective date of the Sentencing Reform Act of 1984. (*See* 2/15/2010 Op. at 5-7.) The Sixth Circuit affirmed this Court's ruling on this issue, concluding that Defendant "is ineligible for relief under §

3582(c)." *Wilkins,* 426 F. App'x at 447. This controlling Sixth Circuit decision squarely defeats Defendant's effort to invoke the latest amendments to the Guidelines governing crack cocaine offenses as a basis for reducing his sentence.

Defendant fares no better in his appeal to the terms of the FSA as purportedly warranting a reduction in his sentence. Both the Supreme Court and the Sixth Circuit have held that the FSA's more lenient penalties for crack cocaine offenses apply only to defendants who are sentenced after the August 3, 2010 effective date of the FSA, but not to offenders who both committed their crimes and were sentenced prior to this date. *See Dorsey v. United States,* 132 S. Ct. 2321, 2326 (2012); *United States v. Carradine,* 621 F.3d 575, 580 (6th Cir. 2010); *United States v. Allen,* No. 10-5914, 481 F. App'x 248 (6th Cir. July 26, 2012). Accordingly, the FSA affords no sentencing relief to Defendant, who was convicted and sentenced over 20 years ago.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's January 20, 2012 motion for reduction of sentence (docket #1571) is DENIED.

                                  s/Gerald E. Rosen
                                  Chief Judge, United States District Court

Dated: December 21, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 21, 2012, by electronic and/or ordinary mail.

                                  s/Julie Owens
                                  Case Manager