**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,                            Case No. 87-CR-80933-04

v.                                            Hon. Gerald E. Rosen

OTIS BERNARD CHAMBERS,

       Defendant.
_____/

**ORDER DENYING DEFENDANT'S
<u>MOTION TO AMEND JUDGMENT</u>**

      At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____

      PRESENT: Honorable Gerald E. Rosen
                       Chief Judge, United States District Court

By motion filed on August 7, 2012, Defendant Otis B. Chambers requests that the Court amend his March 24, 1989 judgment of conviction to reflect that a $350,000 fine imposed in this judgment is no longer enforceable due to the passage of time. In support of this request, Defendant evidently relies on the version of 18 U.S.C. § 3613 that was in effect at the time of his sentencing — specifically, a portion of this statute providing that a defendant's "liability to pay a fine expires . . . twenty years after the entry of the judgment." 18 U.S.C. § 3613(b) (1989).[1]

---

[1] This statute has since been amended, and now provides that a defendant's "liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined." 18 U.S.C. § 3613(b) (2000).

Although Defendant might well be correct that he can no longer be held liable for payment of the $350,000 fine imposed in the March 24, 1989 judgment, he fails to suggest a basis for amending this judgment to reflect the apparent impact of § 3613(b). This Court's authority to modify a sentence after it is imposed is narrowly circumscribed, *see, e.g., United States v. Akinrosotu,* 637 F.3d 165, 167 (2d Cir. 2011) (observing that a district court has no generalized, free-standing authority to modify a fine imposed as an independent component of a defendant's sentence), and Defendant has not identified any rule or statute that would permit the amendment he seeks here. Instead, what he evidently seeks is an advisory opinion from this Court confirming that § 3613(b) means what it says, and that any effort to collect the outstanding balance of his $350,000 fine would therefore be improper. The Court believes that any such prospective statement as to the impact of § 3613(b) would not be appropriate, and that Defendant instead should invoke this statutory provision as a defense to any enforcement effort that the Government might elect to pursue, whether in this forum or elsewhere.[2]

---

[2]To the extent that Defendant suggests that the Court offered such an advisory opinion in the case of his brother, co-defendant Billy Joe Chambers, the circumstances presented in that case were different. In particular, the Court did not grant Billy Joe Chambers' request to altogether waive or dismiss his fine, but instead exercised its more modest authority under 18 U.S.C. § 3583(e)(2) to modify the conditions of his supervised release by decreasing the amount of his monthly payment toward his fine. *See Akinrosotu,* 637 F.3d at 167-68 (recognizing a district court's authority to modify the payment terms of the portion of a fine that remains outstanding at the commencement of a defendant's period of supervised release). Although the Court noted in passing in an accompanying order that Billy Joe Chambers' fine would "expire twenty (20) years from the date of his December 9, 1992 resentencing," (3/21/2011 Order at 1), the amended judgment issued by the Court operated only to modify his monthly payments "toward the balance of his $500,000.00 fine while on Supervised Release ***until the fine is paid in full or expires***," (3/21/2011 Amended Judgment at 5 (emphasis added)), without stating any

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's August 7, 2012 motion to amend judgment and commitment order (docket #1572) is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  January 3, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 3, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager

---

view as to when this expiration would occur.  Because Defendant here seeks no similar relief from the terms under which he must pay the outstanding balance of his fine, but instead requests an amended judgment reflecting that any such outstanding balance is no longer collectible, the relief awarded to his brother is immaterial to the disposition of the present motion.